UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERESA BROOKE,<br>　　　　Plaintiff,<br>　　v.<br>INDEPENDENCE MENLO HOTEL OWNER LLC,<br>　　　　Defendant. | Case No. 19-cv-06689-VKD<br><br>**ORDER ADMONISHING PLAINTIFF'S COUNSEL PETER KRISTOFER STROJNIK** |

On January 21, 2020, after plaintiff's counsel failed to appear on behalf of his client at a show cause hearing, the Court issued a second order to show cause requiring Peter Kristofer Strojnik to explain why the Court should not impose monetary or other sanctions against him and/or his client for failure to comply with several notices issued by the Clerk of the Court, failure to respond to this Court's order, and failure to appear at the first show cause hearing. Dkt. No. 18.

Mr. Strojnik's response to this second order is remarkable. While he purports to apologize for disregarding his obligations to the Court, he devotes the bulk of his response to criticizing defense counsel. Dkt. No. 19 ¶¶ 3-10. Mr. Strojnik even goes so far as to suggest that "[d]efendant's counsel's delay" and his own court-ordered appearance for the January 28, 2020 show cause hearing will constitute a breach of the parties' settlement agreement. *Id.* ¶ 11. This threat apparently inspired defense counsel to ask the Court to take the show cause hearing off calendar and not sanction Mr. Strojnik. Dkt. No. 22.

To this date, after three Clerk's notices and two Court orders, Mr. Strojnik has still not filed anything on behalf of his client indicating whether Ms. Brooke consents to or declines magistrate judge jurisdiction.

Defense counsel's conduct is utterly irrelevant to the matters raised in the Court's orders to show cause. Nothing defense counsel did or did not do could possibly have prevented Mr. Strojnik from responding to the Clerk's notices, responding to this Court's order, or appearing for the show cause hearing. Mr. Strojnik gets one thing right in his show cause response: he has no excuse.

The Court does not condone dilatory conduct by any party and appreciates that it does not have all the facts before it. However, the Court takes this opportunity to admonish Mr. Strojnik for his conduct that the Court has directly observed—i.e., the conduct that resulted in the two show cause orders and the unprofessional and irrelevant critique of defense counsel included in Mr. Strojnik's January 21, 2020 show cause response. This is not the first time Mr. Strojnik has been admonished or sanctioned for unprofessional (and worse) behavior. *See Brooke v. Sarang*, No: 2:18-cv-01826-KJM-DB, 2019 WL 1281950 (E.D. Cal. Mar. 19, 2019) (sanctioning Mr. Strojnik for misconduct); *In the Matter of Peter Kristofer Strojnik*, No. 17-J-00133, Stip. Order of Reproval (State Bar Ct. of Cal. Sept. 26, 2018), http://members.calbar.ca.gov/courtDocs/17-J-00133.pdf; *see also Brooke v. Peterson et al.*, 185 F. Supp. 3d 1203, 1206–07 (C.D. Cal. 2016) (describing Mr. Strojnik's extremely disrespectful conduct before the court). The Court hopes and expects that Mr. Strojnik will take these admonitions seriously and that it will have no occasion to admonish him in the future.

In view of defendant's entreaty to vacate the January 28, 2020 hearing and to not impose sanctions on Mr. Strojnik or his client, the Court reluctantly vacates the hearing and discharges the January 21, 2020 show cause order.

Mr. Strojnik shall provide a copy of this order to his client, Ms. Brooke.

**IT IS SO ORDERED.**

Dated: January 25, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge